IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**ELWIN POLLARD,**

    **Petitioner,**

v.                                                                **Case No. 5:13-cv-15863**

**JOEL ZIEGLER, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On January 24, 2014, the petitioner, who is incarcerated at the Federal Correctional Institution in Beckley, West Virginia, and proceeding *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND PETITIONER'S REQUEST FOR RELIEF

The following information is taken from the respondent's Response to Order to Show Cause at pp. 2-3:

On July 11, 2007, the petitioner was arrested by local law enforcement officials in New York on an assault charge. (Case No. 2007BX042838). (ECF No. 12, Ex. 1, Declaration of Dawn Giddings, ¶ 6, and Attach. A, City of New York Dept. of Corrections Docs, at 1). On February 5, 2009, the petitioner was sentenced to a five-year term of

imprisonment on the assault conviction and was given 601 days of prior custody credit. (*Id.*, Ex. 1, ¶ 7 and Attach. A at 1-3).

On April 17, 2009, the United States Marshals Service (hereinafter "USMS") borrowed the petitioner from the New York Department of Corrections to appear on a charge of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326, which was filed in the United States District Court for the Southern District of New York (Case No. 09-cr-00305-01).   (*Id.*, Ex, 1, ¶ 8 and Attach. B, USMS Form 129, at 1).

On September 18, 2009, while in the custody of the USMS, the petitioner was sentenced by the United States District Court for the Southern District of New York to serve a 57-month term of imprisonment, following his guilty plea to the illegal re-entry charge.  The federal sentence was ordered to run consecutively to the petitioner's undischarged state sentence.  (*Id.*, Ex. 1, ¶ 9 and Attach. C, Judgment in a Criminal Case, Case No. 09-cr-00305-01).

On December 3, 2009, the petitioner was returned to the custody of the New York Department of Corrections to complete his state sentence.   (*Id.*, Ex. 1, ¶ 10 abd Attach. B at 2).  On October 14, 2011, the petitioner completed his state sentence and was transferred to the custody of the USMS and then the Federal Bureau of Prisons ("BOP") to begin serving his federal sentence.  (*Id.*, Ex. 1, ¶ 11, Attach. A at 4 and Attach. D, Sentence Monitoring Computation Data).

After exhausting the available administrative remedies (ECF No. 12, Ex. 1, ¶ 5), the petitioner filed the instant Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus (hereinafter "section 2241 petition") on June 26, 2013.  (ECF No. 1).  The petitioner's section 2241 petition contends that the BOP has not credited him with the appropriate amount of prior custody credit on his federal sentence.  Specifically, the

petitioner seeks prior custody credit on his federal sentence for time spent in state custody from July 13, 2007 to February 5, 2009. The petitioner also seeks a modification of his federal sentence under section 5G1.3 of the United States Sentencing Guidelines ("USSG").

On July 25, 2013, the undersigned entered an Order to Show Cause (ECF No. 6), directing the respondent to file an Answer to the allegations in the petitioner's section 2241 petition. On August 22, 2013, the respondent filed his Response to Order to Show Cause (hereinafter "the respondent's Response"). (ECF No. 12). On September 10, 2013, the petitioner filed an Objection to the respondent's Response (hereinafter "the petitioner's Reply"). This matter is ripe for adjudication.

## ANALYSIS

### A. Petitioner is not entitled to prior custody credit.

The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added). However, under certain circumstances, the Attorney General or the BOP may designate that a federal sentence commence while the prisoner is in state custody. *See United States v. Evans*, 159 F.3d 908, 911-912 (4th Cir. 1998) (a prisoner in state custody may have his federal sentence commence to run "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence.") This process is known as a "*nunc pro tunc* designation." There is no indication that Petitioner sought or received a *nunc pro tunc* designation.

Respondent's Response to the Order to Show Cause asserts that Petitioner's federal sentence commenced on October 14, 2011, when he was released from state custody to federal authorities pursuant to his federal detainer. (ECF No. 12 at 3). As noted by Respondent, where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of "primary jurisdiction." The basic principle of primary jurisdiction was explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that **the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him,** . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

*United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993) (*quoting In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)) [Emphasis added]. Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980) (Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence.) (ECF No. 12 at 3-4).

Respondent asserts that, notwithstanding the fact that Petitioner was borrowed by federal authorities from April 17, 2009 to December 3, 2009, the State of New York had primary jurisdiction over Petitioner, and did not relinquish that primary jurisdiction until Petitioner was released on October 14, 2011. (Id. at 5). Respondent further asserts that, under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not

receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Thus, credit is only available for time spent in custody that has not been credited to another sentence. *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995).

Petitioner's Response (ECF No. 13) asserts that he should receive prior custody credit because his federal detainer prohibited him from being released on bond on his state charges. Thus, Petitioner contends that the state lost primary jurisdiction when it gave him bail and the federal detainer "deprived him of his liberty." (*Id.* at 2). Petitioner offers no authority to support his position.

In the instant case, Petitioner received credit towards his state sentence from the date of his arrest on July 11, 2007 to October 14, 2011, when he was paroled from his state sentence and, at that time, his federal sentence commenced. Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner is not entitled to any prior custody credit because he received credit towards his state sentence for all the time he spent in state custody.

B. **Petitioner's claim concerning USSG § 5G1.3.**

Petitioner further asserts that he should receive either concurrent sentences or a downward departure to account for time spent in state custody under sections 5G1.3(b) and/or (c) of the Federal Sentencing Guidelines. (ECF No. 1 at 15). However, as properly noted by Respondent, these arguments are related to the imposition of the defendant's sentence, rather than its execution, and are claims that are properly brought in a motion under 28 U.S.C. § 2255 in the court of conviction (the United States District Court for the Southern District of New York), not in a section 2241 habeas corpus petition. (ECF No. 12 at 6). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's claims for relief under USSG § 5G.13 concern the

validity of his sentence, rather than its execution and, thus, is not appropriate for review under section 2241. Thus, the presiding District Judge should decline to further address the merits of these claims in this section 2241 proceeding.

## RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Petitioner is not in custody in violation of the Constitution, laws or treaties of the United States and, thus, is not entitled to habeas corpus relief under 28 U.S.C. § 2241. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Application under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (ECF No. 1) and dismiss this matter from the court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and counsel of record.

June 19, 2015

Dwane L. Tinsley
United States Magistrate Judge