IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ELWIN POLLARD,

       Petitioner,

v.                CIVIL ACTION NO.   5:13-cv-15863

JOEL ZIEGLER,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* (Document 1), wherein the Petitioner asserts that the Bureau of Prisons (BOP) is improperly denying him credit for jail time.   The Court has also reviewed the Respondent's *Response to Order to Show Cause* (Document 12), the Petitioner's *Objection to Respondent Order to Show Cause* (hereinafter, Pet.'s Reply) (Document 13), and all attached exhibits.

By *Standing Order* (Document 3), entered on June 27, 2013, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   On June 19, 2015, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 20), wherein it is recommended that this Court deny the Petitioner's *Petition* and dismiss this matter from the Court's docket.   Objections to the Magistrate Judge's PF&R were due by July 9, 2015, extended to July 24, 2015 by Court order (Document 23).   On July 23, 2015, the Petitioner timely filed his *Objection to Proposed Finding and Recommendation* (Document

24). For the reasons stated herein, the Court finds that the Petitioner's objections must be overruled, the Magistrate Judge's PF&R adopted, and this matter dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but, in order to provide context for the ruling contained herein, provides the following summary.

Mr. Pollard initiated this action with a *Petition* (Document 1) filed on June 26, 2013. He named as Respondent Joel Ziegler, (then) Warden of FCI Beckley. Mr. Pollard asserts the following two grounds for relief: "Federal detainers [were] lodge[d] against me that deprived me of my liberty to bail out on state charge" and "BOP is denying me jail time credit which I should be entitled to." (Pet. at 6.) Mr. Pollard also seeks a modification of his federal sentence under United States Sentencing Guideline § 5G1.3.[1] He attached documentation related to his prior attempts to obtain administrative relief.

On July 25, 2015, the Magistrate Judge issued an *Order to Show Cause* (Document 6), requiring the Respondent to answer the allegations and show why the relief sought should not be granted. The Respondent filed his *Response to Order to Show Cause* (Document 12) on August 22, 2013, arguing that the Petitioner is not entitled to any additional prior custody credit and that any challenge to the imposition of his sentence cannot be brought in a 28 U.S.C. § 2241 petition. The Petitioner replied to the Respondent's response on September 10, 2013, asserting that he is entitled to *federal*, as opposed to state, custody credit for time spent in state custody prior to his conviction, because a federal detainer prevented him from being released on bail.

---

1 Section 5G1.3 provides guidance regarding sentencing defendants subject to separate, undischarged terms of incarceration, including when to consider ordering that a sentence be imposed to run concurrent with, rather than consecutive to, the pre-existing term of incarceration.

Mr. Pollard was arrested on state charges in New York on July 11, 2007. He alleges that a federal detainer prevented him from being released on bail prior to his 2009 conviction. On February 5, 2009, he was sentenced to five years of imprisonment, with 601 days of prior custody credit, for the state charge. On April 17, 2009, Mr. Pollard was "borrowed" from New York to appear on a federal charge of illegal re-entry. On September 18, 2009, the United States District Court for the Southern District of New York imposed a sentence of fifty-seven (57) months of incarceration for the illegal re-entry conviction, to run consecutively to the undischarged state sentence. Mr. Pollard was returned to state custody on December 3, 2009, and was transferred to the Federal Bureau of Prisons on October 14, 2011, after he had completed his state sentence. He filed this action after exhausting his administrative remedies.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The Magistrate Judge found that Mr. Pollard is not entitled to prior custody credit for his federal sentence because the state of New York had primary custody during the challenged time period. In addition, because Mr. Pollard "received credit towards his state sentence from the date of his arrest on July 11, 2007 to October 14, 2011, when he was paroled from his state sentence and…his federal sentence commenced," he cannot also receive federal credit for the same time period. (PF&R at 5.) Furthermore, the Magistrate Judge concluded that Mr. Pollard's arguments with respect to the application of the United States Sentencing Guidelines cannot properly be heard in a petition brought pursuant to 28 U.S.C. § 2241, but must instead be heard by the court of conviction in a 28 U.S.C. § 2255 motion.

Mr. Pollard states that he now understands the distinction between a § 2241 petition and a § 2255 petition, but is barred by the statute of limitations from filing a § 2255 petition. He objects to the finding that he is not entitled to prior custody credit. He argues that because he had not been convicted of any crime between July 11, 2007 and February 5, 2009, his detention violated his constitutional rights to due process, equal protection, and a speedy trial. Furthermore, he contends that his federal sentence should have been imposed concurrent to his state sentence.

The Court finds that the Magistrate Judge's findings must be adopted and Mr. Pollard's petition dismissed. As the Magistrate Judge explained, any challenge to the imposition of his sentence, rather than its execution, cannot be heard by this Court in a § 2241 proceeding. This Court does not have authority to consider Mr. Pollard's arguments regarding the length of his federal sentence or whether it should have been imposed concurrent to his state sentence. With respect to prior custody credit, Mr. Pollard does not dispute the Magistrate Judge's factual finding that he received credit on his state sentence for the time in question. The statute governing credit

4

for prior custody specifically provides that credit for time served prior to commencement of a sentence is available only if the time "has not been credited against another sentence." 18 U.S.C. § 3585(b). The United States Supreme Court has noted that "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Riggs v. Fed. Bureau of Prisons*, No. CIV.A. 5:06-CV-00687, 2007 WL 1655240, at *4 (S.D.W. Va. June 6, 2007) (Johnston, J.). Accordingly, the Court finds that the time Mr. Pollard served between July 11, 2007 and February 5, 2009 cannot be credited to his federal sentence because it has already been credited to his state sentence. His petition must, therefore, be dismissed.

## CONCLUSION

WHEREFORE, following thorough review and careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendations* (Document 20) be **ADOPTED** and that the Petitioner's *Objection to Proposed Finding and Recommendation* (Document 24) be **OVERRULED.** The Court further **ORDERS** that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* (Document 1) be **DENIED,** and that this matter be **DISMISSED with prejudice** and stricken from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Dwane L. Tinsley, to counsel of record, and to any unrepresented party.

ENTER: December 2, 2015

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA